# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In re:  WILLIAM LOLIO, SR. and GINA LOLIO,** :  CHAPTER 13

**Debtors**

: BANKRUPTCY NO. 12-10253

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO SHOOTING STARS, NYB

AND NOW, this       day of January, 2017, upon consideration of the Motion of Shooting Stars, NYB ("Movant") for Relief from the Automatic Stay, and the Responses, thereto, if any, it is hereby

ORDERED that the Motion is GRANTED.

It is hereby ORDERED that the Movant is granted relief from the automatic stay arising in this case to proceed to litigate its Joinder Complaint and any other matters arising hereafter in the case of <u>Eric Gallo v. Shooting Stars. NYB, et al.,</u> December Term, 2015, No. 01840, in the Court of Common Pleas of Philadelphia County against Debtor WILLIAM LOLIO, SR. .

_____

United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  WILLIAM LOLIO, SR. and GINA LOLIO,   :   CHAPTER 13

Debtors

:   BANKRUPTCY NO.  12-10253

## MOTION ("MOTION") OF SHOOTING STARS, NYB, FOR RELIEF FROM THE AUTOMATIC STAY

SHOOTING STARS, NYB ("Movant") requests that it be granted certain relief from automatic stay arising in the above bankruptcy case for the following reasons:

1. The Debtors filed this joint Chapter 13 bankruptcy case on January 11, 2012.

2. On or about December 18, 2015, Eric Gallo commenced a civil action against the Movant at December Term, 2015, No. 01840 ("the CCP Action") in the Court of Common Pleas of Philadelphia County ("the CCP").

3. The lawsuit arose out of an incident in the Movant's facility which took place on or about March 7, 2015, which resulted in personal injuries to Gallo.

4. On or about June 10, 2016, the Movant, unaware of the Debtors' bankruptcy case, filed a Motion to join Debtor WILLIAM LOLIO, SR. ("Husband") as a defendant in the CCP Action.

5. This Motion was granted on August 2, 2016, and a Joinder Complaint was filed by the Movant against the Husband on August 8, 2016.

6. Shortly thereafter, the Movant was informed of this bankruptcy case and moved to stay the CCP Action proceedings, which included a Case Management Order imposing certain discovery and other deadlines, until the Debtors' bankruptcy case, which appeared to be nearly

completed, were discharged and closed, terminating the automatic stay arising from the pendency of this case by operation of law.

7. On December 8, 2016, the motion to stay the CCP Action was denied.

8. Although the deadlines in the Case Management Order were extended, it is still a distinct possibility that this case will remain pending at the time of critical deadlines in the Case Management Order are reached, and that the Movant will be impaired in defending itself, as well as being unable to prosecute its Joinder Complaint against the Husband, if relief from the automatic stay is not granted.

9. The status of this case is that all payments have been made, and the entry of a Discharge should be imminent, in which case relief from the automatic stay would occur by operation of law.

10. Any liability which would inure to the Husband as a result of the incident at issue in the CCP Action would not be discharged in any event, because the incident occurred subsequent to the filing of this case.

11. Consequently, there will be little or no adverse consequences to the Debtors if relief were granted to the Movant. However, if relief were not granted, the Movant could unfairly suffer adverse consequences by being unable to fully defend itself in the CCP Action.

12. Therefore, the balance of hardships tips strongly in favor of granting relief to the Movant, and thereby establishing "cause" for the relief sought, pursuant to 11 U.S.C. section 362(d)(1).

.

WHEREFORE, the Movant requests that this Honorable Court will grant the instant Motion seeking that it be granted relief from the automatic stay in the terms set forth in the proposed order attached hereto,

Respectfully submitted,

/s/David A. Scholl

_____

David A. Scholl, Esquire
512 Hoffman Street
Philadelphia, PA 19148
Attorney for Movant

(610)550-1765