United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 12-10253-jkf
William J. Lolio                                                          Chapter 13
Gina M. Lolio
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin          Page 1 of 2          Date Rcvd: Feb 24, 2017
                             Form ID: 3180W        Total Noticed: 19


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 26, 2017.
db/jdb         +William J. Lolio,  Gina M. Lolio,  2638 Mildred Street,  Philadelphia, PA 19148-4533
12645118       +City of Philadelphia Parking Authority,  P.O. Box 41818,  Philadelphia, PA 19101-1818
12670209       +JPMorgan Chase Bank, N.A.,  3415 Vision Drive,  Mail Code: OH4-7126,
                Columbus, OH 43219-6009
12650789       +Midland Credit Management, Inc.,  2365 Northside Drive, Suite 300,  San Diego, CA 92108-2709
12665410       +Philadelphia Gas WOrks,  800 W Montgomery Ave,  Phila Pa 19122-2898,
                Attn: Bankruptcy Dept 3F

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Feb 25 2017 02:13:58     City of Philadelphia,
                City of Philadelphia Law Dept.,  Tax Unit/Bankruptcy Dept,  1515 Arch Street 15th Floor,
                Philadelphia, PA 19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 25 2017 02:12:54
                Pennsylvania Department of Revenue,  Bankruptcy Division,  P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Feb 25 2017 02:13:32     U.S. Attorney Office,
                c/o Virginia Powel, Esq.,  Room 1250,  615 Chestnut Street,  Philadelphia, PA 19106-4404
12681027        E-mail/Text: bankruptcy@phila.gov Feb 25 2017 02:13:58     City of Philadelphia,
                SchoolDistrict of Philadelphia,  Law Department - Tax Unit,  One Parkway Building,
                1515 Arch Street, 15th Floor,  Philadelphia, PA  19102-1595
12649972       +EDI: AISACG.COM Feb 25 2017 01:43:00     Capital One Auto Finance (CODB) c/o Ascension Capi,
                P.O. Box 201347,  Arlington, TX 76006-1347
12720358        EDI: JEFFERSONCAP.COM Feb 25 2017 01:43:00     Jefferson Capital Systems LLC,  PO BOX 7999,
                SAINT CLOUD MN 56302-9617
12669537       +EDI: OPHSUBSID.COM Feb 25 2017 01:43:00     LINDIA, LLC,  C O WEINSTEIN AND RILEY, PS,
                2001 WESTERN AVENUE, STE 400,  SEATTLE, WA 98121-3132
12792204        EDI: RESURGENT.COM Feb 25 2017 01:43:00     LVNV Funding, LLC its successors and assigns as,
                assignee of GE Capital,  Resurgent Capital Services,  PO Box 10587,
                Greenville, SC 29603-0587
12790122        EDI: RESURGENT.COM Feb 25 2017 01:43:00     LVNV Funding, LLC its successors and assigns as,
                assignee of Arrow Financial Services,,  LLC,  Resurgent Capital Services,  PO Box 10587,
                Greenville, SC 29603-0587
12780409        EDI: MERRICKBANK.COM Feb 25 2017 01:43:00     Merrick Bank,  Resurgent Capital Services,
                PO Box 10368,  Greenville, SC 29603-0368
12681156       +EDI: GMACFS.COM Feb 25 2017 01:43:00     National Auto Finance Company,
                c/o Ally Servicing LLC,  P.O. Box 130424,  Roseville, MN 55113-0004
12683171       +EDI: OPHSUBSID.COM Feb 25 2017 01:43:00     OAK HARBOR CAPITAL IV, LLC,
                C O WEINSTEIN AND RILEY, PS,  2001 WESTERN AVENUE, STE 400,  SEATTLE, WA 98121-3132
12754406        EDI: PRA.COM Feb 25 2017 01:43:00     Portfolio Recovery Associates, LLC,  POB 41067,
                Norfolk VA 23541
12710567        E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Feb 25 2017 01:51:03     Regional Acceptance Corporation,
                PO Box 1847,  Wilson, NC 27894-1847
                                                                                      TOTAL: 14

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 26, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0313-2          User: admin              Page 2 of 2            Date Rcvd: Feb 24, 2017
                              Form ID: 3180W           Total Noticed: 19
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 23, 2017 at the address(es) listed below:

        ANDREW F GORNALL    on behalf of Creditor    J.P. Morgan Chase Bank, National Association
        agornall@kmllawgroup.com,   bkgroup@kmllawgroup.com
        ANN E. SWARTZ    on behalf of Creditor    J.P. Morgan Chase Bank, National Association
        ecfmail@mwc-law.com,   ecfmail@mwc-law.com
        DAVID A. SCHOLL    on behalf of Creditor    Shooting Stars NYB judgescholl@gmail.com
        DAVID A. SCHOLL    on behalf of Creditor    Shooting Stars, NYB judgescholl@gmail.com
        DAVID M. OFFEN    on behalf of Joint Debtor Gina M. Lolio dmo160west@gmail.com,
        davidoffenecf@gmail.com
        DAVID M. OFFEN    on behalf of Debtor William J. Lolio dmo160west@gmail.com,
        davidoffenecf@gmail.com
        JOHN A. ANASTASIA    on behalf of     Nationwide Mutual Fire Insurance Company janastasia@mmsllp.com
        JOSHUA ISAAC GOLDMAN    on behalf of Creditor    J.P. Morgan Chase Bank, National Association
        bkgroup@kmllawgroup.com,   bkgroup@kmllawgroup.com
        PETER J. ASHCROFT    on behalf of Creditor    Regional Acceptance Corporation
        pashcroft@bernsteinlaw.com,
        pghecf@bernsteinlaw.com;pashcroft@ecf.courtdrive.com;ckutch@ecf.courtdrive.com;cabbott@ecf.courtd
        rive.com
        THOMAS I. PULEO    on behalf of Creditor    J.P. Morgan Chase Bank, National Association
        tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com,
        philaecf@gmail.com
        WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com

                                      TOTAL: 13

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **William J. Lolio** | Social Security number or ITIN **xxx–xx–9596** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Gina M. Lolio** | Social Security number or ITIN **xxx–xx–2925** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **12–10253–jkf** | |

# Order of Discharge

**12/15**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

William J. Lolio                                Gina M. Lolio

<u>2/23/17</u>                    **By the court:**        <u>Jean K. FitzSimon</u>
                                                United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---